David R. Eastlake
Texas Bar No. 24074165
*david.eastlake@bakerbotts.com*
Meghan Dawson McElvy
Texas Bar No. 24065127
*meghan.mcelvy@bakerbotts.com*
Margaret L. Wittenmyer
Texas Bar No. 24106593
*margaret.wittenmyer@bakerbotts.com*
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas 77002
T: (713) 229-1234
F: (713) 229-1522

***Counsel for Defendants Steven A. Webster, Aaron Webster and Dennis Woods***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:**<br><br>**DENNIS J. ROGERS II,**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | <br><br>**CASE NO. 22-30500-7** |
| **MANDARIN CAPITAL, LLC a Utah limited liability company,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STEVEN WEBSTER, AARON WEBSTER, DENNIS WOODS, individually, and DENNIS J. ROGERS II, individually and as trustee of the Montana Amorosa Revocable Trust,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 22-03075** |

**DEFENDANTS STEVEN WEBSTER, AARON WEBSTER AND DENNIS WOODS'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Defendants Steven Webster, Aaron Webster and Dennis Woods (the "Webster and Woods Defendants") file this Answer to Plaintiff's Amended Complaint for Declaratory Judgment (the "Complaint"), and respond to the numbered paragraphs in the Complaint as follows:

**PARTIES**

1. The allegations in this paragraph include legal conclusions to which no response is required. To the extent that a response is required, the Webster and Woods Defendants admit that Mandarin is a party in interest in the above-captioned chapter 7 case and that Mandarin is a Utah limited liability company. The Webster and Woods Defendants deny that Mandarin possesses a superior title to the Properties under the loan agreements and related loan documents. Otherwise, the Webster and Woods Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and accordingly deny them.

2. The Webster and Woods Defendants admit the allegations set forth in this paragraph.

3. The Webster and Woods Defendants admit that Steven Webster is an individual residing in Texas and that he may be served through his counsel of record in this matter. Otherwise, the allegations set forth in this paragraph are denied.

4. The Webster and Woods Defendants admit that Aaron Webster is an individual residing in Texas and that he may be served through his counsel of record in this matter. Otherwise, the allegations set forth in this paragraph are denied.

5. The Webster and Woods Defendants admit that Dennis Woods is an individual residing in Texas and that he may be served through his counsel of record in this matter. Otherwise, the allegations set forth in this paragraph are denied.

**JURISDICTION AND VENUE**

6. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants deny that this case should be heard in state court, deny that this matter constitutes a non-core proceeding, and admit the remaining allegations set forth in this paragraph.

**FACTUAL BACKGROUND**

7. The Webster and Woods Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and accordingly deny them.

8. The Webster and Woods Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and accordingly deny them.

9. The Webster and Woods Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and accordingly deny them.

10. The Webster and Woods Defendants admit that the document Mandarin has defined as the July 2020 Loan Agreement is attached to the Complaint as Exhibit B. The Webster and Woods Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and accordingly deny them.

11. The Webster and Woods Defendants admit that this paragraph discusses certain language and terms contained in the July 2020 Loan Agreement and/or the July 2020 Loan Promissory Note. The Webster and Woods Defendants lack knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in this paragraph and accordingly deny them.

12. The Webster and Woods Defendants admit that the document Mandarin has defined as the July 2020 Loan Promissory Note is attached to the Complaint as Exhibit C. The Webster and Woods Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and accordingly deny them.

13. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants admit that the document Mandarin has defined as the July 2020 Loan Deed of Trust is attached to the Complaint as Exhibit D. The Webster and Woods Defendants deny the remaining allegations set forth in this paragraph.

14. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants admit that this paragraph discusses certain terms contained in the July 2020 Loan Agreement. The Webster and Woods Defendants deny any remaining allegations set forth in this paragraph.

15. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants admit that this paragraph discusses certain terms contained in the July 2020 Loan Agreement and the July 2020 Loan Deed of Trust. The Webster and Woods Defendants deny any remaining allegations set forth in this paragraph.

16. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and accordingly deny them.

17. The Webster and Woods Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and accordingly deny them.

18. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants admit that the document Mandarin has defined as the August 2020 Loan Agreement is attached to the Complaint as Exhibit E and that this paragraph discusses certain terms contained in the August 2020 Loan Agreement. The Webster and Woods Defendants deny any remaining allegations set forth in this paragraph.

19. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants admit that this paragraph discusses certain terms contained in the August 2020 Loan Agreement. The Webster and Woods Defendants deny any remaining allegations set forth in this paragraph.

20. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and accordingly deny them.

21. The Webster and Woods Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and accordingly deny them.

22. The Webster and Woods Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and accordingly deny them.

23. The Webster and Woods Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and accordingly deny them.

24. The Webster and Woods Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and accordingly deny them.

25. The Webster and Woods Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and accordingly deny them.

26. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants admit that Mandarin filed the referenced lawsuit in Utah on or about November 16, 2020. The Webster and Woods Defendants admit that the document Mandarin has defined as the Settlement Agreement is attached to the Complaint as Exhibit F and that this paragraph discusses certain language and terms contained in the Settlement Agreement. The Webster and Woods Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and accordingly deny them.

27. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants admit that this paragraph discusses certain terms contained in the Settlement Agreement. The Webster and Woods Defendants deny any remaining allegations set forth in this paragraph.

28. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants admit that this paragraph discusses certain terms contained in the Settlement Agreement. The Webster and Woods Defendants deny any remaining allegations set forth in this paragraph.

29. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants admit that this paragraph discusses certain terms contained in the Settlement Agreement. The Webster and Woods Defendants deny any remaining allegations set forth in this paragraph.

30. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants admit that the document Mandarin has called the deed in lieu of foreclosure is attached to the Complaint as Exhibit G. The Webster and Woods Defendants admit that the document Mandarin has called the bill of sale is attached to the Complaint as Exhibit H. The Webster and Woods Defendants admit that this paragraph discusses certain terms contained in the bill of sale. The Webster and Woods Defendants deny any remaining allegations set forth in this paragraph.

31. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants deny the allegations set forth in this paragraph. The Webster and Woods Defendants specifically deny that they have ever filed a lawsuit against Montana.

32. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants admit the referenced abstract of judgment was prepared and issued by the Dallas County District Clerk on March 11, 2021. The Webster and Woods Defendants deny that Aaron Webster or Dennis Woods have ever claimed a judgment lien that encumbers the Properties. Rather, only Steven Webster has ever claimed a judgment lien as to the Properties, as he was the sole plaintiff in the underlying Dallas District Court litigation that obtained a final judgment against Rogers and OMTC, Inc. To the extent the abstract of judgment was ever applicable as to Aaron Webster and

Dennis Woods, they subsequently released any claim to a judgment lien in the Properties as of March 2, 2022—a fact that Mandarin has been aware of since at least March 17, 2022 (well before filing its Complaint in this Adversary Proceeding). The Webster and Woods Defendants deny the remaining allegations set forth in this paragraph.

33. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants deny any allegations set forth in this paragraph requiring a response.

34. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants admit that the referenced April 15, 2021 judgment was entered and was purported to be domesticated in Dallas County on or about May 12, 2021. The Webster and Woods Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and accordingly deny them.

35. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants deny the allegations set forth in this paragraph.

36. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants deny the allegations set forth in this paragraph.

**REQUEST FOR DECLARATORY RELIEF**

37. The Webster and Woods Defendants incorporate their above responses as if fully restated herein.

38. The allegations in this paragraph include legal conclusions as to which no response is required. To the extent that a response is required, the Webster and Woods Defendants deny that Mandarin is entitled to any of the relief requested in the Complaint, and reserve all rights and defenses with respect to same.

**PRAYER**

The Webster and Woods Defendants respectfully request that this Court enter judgment that Mandarin take nothing in this suit; that Mandarin's claims be dismissed with prejudice; that all relief prayed for by Mandarin be denied; that final judgment be entered in favor of the Webster and Woods Defendants; and that the Webster and Woods Defendants be granted such other and further relief, both legal and equitable, to which they are entitled.

Dated: August 10, 2022

Respectfully submitted,

By: /s/ *David R. Eastlake*

David R. Eastlake
Texas Bar No. 24074165
*david.eastlake@bakerbotts.com*
Meghan Dawson McElvy
Texas Bar No. 24065127
*meghan.mcelvy@bakerbotts.com*
Margaret L. Wittenmyer
Texas Bar No. 24106593
*margaret.wittenmyer@bakerbotts.com*
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas 77002
T: (713) 229-1234
F: (713) 229-1522

***Counsel for Defendants Steven A. Webster, Aaron Webster and Dennis Woods***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 10, 2022, I caused a copy of the foregoing to be served on all parties eligible to receive service through the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas by electronic mail.

By: /s/ *David R. Eastlake*
David R. Eastlake